IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BRIAN KYLE TOWNSEND, #163455				PLAINTIFF

VERSUS					CIVIL ACTION NO. 4:12-cv-2-CWR-FKB

DELORIS SMITH, ET AL.					DEFENDANTS

MEMORANDUM OPINION

Plaintiff Townsend, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this *pro se* Complaint [1] pursuant to 42 U.S.C. § 1983. The named defendants are Deloris Smith, Correctional Supervisor for Area II; Brenda Cox; and E.L. Sparkman.

By order [9] entered on March 1, 2012, Plaintiff was directed to provide additional information concerning his claims. Plaintiff complied by filing a Response [11] on March 23, 2012. After liberal review of Plaintiff's Complaint [1] and Response [11], the Court has reached the following conclusions.

In his Complaint [1], Plaintiff states that on or about June 23, 2011, he received a Rules Violation Report (RVR) for "making threatening or intimidating statement." Compl. [1], at p.4. Later, on July 26, 2011, Plaintiff was found guilty of said RVR and received as punishment the loss of telephone privileges for 15 days and was placed in administrative segregation. Resp. [11], at p.1. Plaintiff argues that he did not violate said rule. Compl. [1], at p.4. Additionally, Plaintiff complains that the policies and procedures of the Mississippi Department of Corrections (MDOC) were violated because the "delivering employee Officer Smith did not hear nor see this incident occur." *Id*. Plaintiff states that the RVR was based "on the word of another inmate." *Id*. Thus, Plaintiff contends that he was denied a fair disciplinary hearing. *Id*. Plaintiff also

claims that Defendants Sparkman and Cox "contribute[d] to the denial of due process when they improperly made decisions to deny my ARP [Administrative Remedies Program] appeal." *Id*.

## I. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court has permitted the Plaintiff to proceed *in forma pauperis*[1] in this action; therefore his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). According to Plaintiff's allegations, this Court finds that he is asserting that his constitutional rights under the Due Process Clause have been violated as a result of being served with the RVR charging him with "making threatening or intimidating statements; " being found guilty of said RVR; and having his ARP appeal challenging said RVR denied. Compl. [1] at p.1.

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary

---

[1]Plaintiff was granted permission to proceed *in forma pauperis* by Order [10] entered on March 1, 2012.

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (holding that an inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Moore v. Sawyer*, 2010 WL 6004375, at *1 (E.D. Tex. Jul. 26, 2010)(determining that loss of phone and visitation privileges did not rise to a level of a constitutional deprivation); *King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (finding that reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *see also Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000)(concluding inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the due process clause). Therefore, Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing his prison telephone privileges for 15 days and being placed in administrative segregation. Thus, he has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983. *See Braxton v. Gusman*, 2011 WL 802622, at *4-5 (E.D. La. Feb. 7, 2011).

As for Plaintiff's claim concerning the disciplinary hearing, this Court finds that "Federal Courts do not review a disciplinary hearing officer's factual findings *de novo,* instead the courts will only consider whether the decision is supported by 'some facts' or by 'a modicum of evidence.'" *See Hill v. Director, TDCJ-CID,* 2001 WL 2600613, at *3 (E.D. Tex. May 12, 2011) (*citing Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson*, 242 F.3d 534,

3

537 (5th Cir. 2001)). "In reviewing prison administrative actions, the Court must uphold administrative decisions unless they are arbitrary and capricious." *Braxton v. Gusman*, 2011 WL 802622, at *4-5 (*citing Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984)). The decision at the Plaintiff's disciplinary hearing was supported by the staff's statement and observation. *See* Resp. [11-1] at p.2. Therefore, there were "some facts" to base the finding of guilty at the disciplinary hearing. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001)(finding that "[i]nformation provided in a written incident report standing alone can satisfy the 'some evidence' standard"). With that in mind, this Court finds that Plaintiff cannot maintain this claim.

Finally, Plaintiff "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Braxton v. Gusman*, 2011 WL 802622, at *4-5, (*quoting Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005)(citations omitted). Moreover, "[t]he Fifth Circuit has indicated that allegations that a prison official has failed adequately to follow particular prison rules, regulations or procedures, such as an ARP, cannot support a Section 1983 claim, without an independent constitutional violation." *Id*., (*citing Eason v. Thaler*, 73 F.3d 1322, 1325-26 (5th Cir. 1996)). As discussed above, the claims of the instant civil action does not rise to a level of constitutional deprivation of Plaintiff's rights under the Due Process Clause and, therefore, Plaintiff cannot maintain this claim.

## II. Conclusion

As stated above, Plaintiff's allegations do not implicate due process concerns. Therefore, the instant civil action will be dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), *see Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000)(determining

4

that the dismissal by the District Court of a § 1983 suit regarding a disciplinary violation as frivolous was proper and also dismissing the appeal as frivolous), and will count as a strike pursuant to 28 U.S.C. § 1915(g).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 30th day of March, 2012.

                                                s/Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE